Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| JOSÉ C. APONTE RAMOS<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurrido | TA2025RA00177 | Revisión procedente del Departamento de Corrección y Rehabilitación<br><br>Respuesta de Reconsideración núm.:<br>Q-48-25<br><br>Sobre: Libertad de Culto (Barba) |

Panel integrado por su presidente, el Juez Sánchez Ramos, la Jueza Romero García y el Juez Pérez Ocasio.

Sánchez Ramos, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 25 de agosto de 2025.

El Sr. José C. Aponte Ramos (el "Recurrente"), miembro de la población correccional, comparece, por derecho propio, mediante un recurso de revisión judicial, y nos solicita que revisemos una *Resolución* del Departamento de Corrección y Rehabilitación ("Corrección") en conexión con su solicitud de tener una barba. Según se explica a continuación, concluimos que procede la confirmación de la decisión impugnada.

I.

El Recurrente presentó una solicitud de remedio administrativo dirigido a que no se le sancione por "tener [su] barba". Alegó que, según su religión, era una "vergüenza y una deshonra no tener barba". Citó un pasaje de la Biblia de la religión cristiana como apoyo para su creencia.

Corrección emitió una respuesta en la cual indicó que no constaba en el expediente del Recurrente que este perteneciera a la religión islámica.

Luego de que el Recurrente solicitara reconsideración, Corrección emitió una Resolución el 26 de junio de 2025. Se le orientó al Recurrente que, de conformidad con la reglamentación vigente, se le puede obligar a que se "recorte, si fuese necesario por razones de higiene". También se indicó que a los confinados musulmanes se les permite mantener su barba hasta "un cuarto (1/4) de pulgada". Se resaltó que el Recurrente no ha certificado pertenecer a la religión islámica y practicar sus ritos.

Inconforme, el 16 de julio, el Recurrente suscribió el recurso de referencia, el cual fue recibido por este Tribunal el 24 de julio. Insiste en que, de conformidad con su "religión Cristiana", se le debe permitir tener barba, de igual forma que a los confinados musulmanes. Resolvemos.

II.

En la evaluación de una solicitud de revisión judicial, los tribunales tienen que otorgar gran deferencia a las decisiones que toman las agencias administrativas, pues son estas las que, de ordinario, poseen el conocimiento especializado para atender los asuntos que les han sido encomendados por ley. *Camacho Torres v. AAFET*, 168 DPR 66, 91 (2006).

Se presumen correctas las determinaciones de hecho emitidas por las agencias administrativas y estas deben ser respetadas a menos que quien las impugne presente evidencia suficiente para concluir que la decisión de la agencia fue irrazonable de acuerdo a la totalidad de la prueba examinada. *Íd.* Por lo tanto, "la revisión judicial ha de limitarse a determinar si la agencia actuó arbitrariamente, ilegalmente o de manera tan irrazonable que su actuación constituyó un abuso de discreción". *Íd.*

Así pues, debemos sostener las determinaciones de hecho de la agencia cuando estén basadas en evidencia sustancial que surja del expediente administrativo. 3 LPRA sec. 9675. Sin embargo, el

tribunal podrá revisar en todos sus aspectos las conclusiones de derecho de la agencia. *Íd.*

### III.

Concluimos que procede la confirmación de la decisión recurrida. Para que Corrección pudiese estar obligado a acomodar una creencia religiosa de un confinado que profesa la fe Cristiana, es necesario que se acredite adecuadamente que la creencia o práctica realmente es parte de los ritos o creencias de la referida religión. Del expediente no surge que el Recurrente haya acreditado adecuadamente que tener barba sea parte de los mandatos o creencias de la fe Cristiana. La cita aislada de un pasaje bíblico no es suficiente para acreditar lo anterior. Por tanto, actualmente, Corrección tiene la potestad de exigirle al Recurrente que se afeite, de ser ello necesario en términos de higiene.

Por los fundamentos antes expuestos, confirmamos la decisión impugnada.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones